DORON WEINBERG (SBN 46131)
WEINBERG & WILDER
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472
Facsimile:   (415) 552-2703
doronweinberg@aol.com

Attorneys for Defendant
BERNARD V. WARD

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **Case No. CR-07-0602 VRW** |
| ) | |
| Plaintiff, ) | **DEFENDANT WARD'S SENTENCING** |
| ) | **MEMORANDUM** |
| vs. ) | |
| ) | |
| BERNARD V. WARD, ) | **DATE:** August 28, 2008 |
| ) | **TIME:** 10:30 a.m. |
| Defendant. ) | **COURT:** 6, 17th Floor |
| ) | **JUDGE:** Chief Judge Vaughn R. Walker |

**INTRODUCTION**

On August 28, 2008 Defendant Bernard V. Ward will come before the Court for sentencing following his plea of guilty to one count of distribution of child pornography. It is the first criminal conviction of any kind for this 57 year old man whose life and role in the community have, in all other respects, been exemplary. The conduct occurred during a very brief period of that life, and its consequences have already been and will continue to be devastating.

Mr. Ward's offense carries a mandatory minimum sentence of five years and, according to the Probation Officer, a Guideline range of 108 to 135 months. The Probation Office has

Defendant Ward's Sentencing
Memorandum (Case No. CR-07-0602 VRW)        1

1  recommended a sentence of 108 months, on the low end of the range, and the Government has
2  made the same recommendation.
3        No one disputes the serious human cost of child pornography, and Mr. Ward certainly
4  does not. He accepts the legislative judgment that such conduct merits a minimum sentence of
5  five years, but he respectfully suggests that this minimum mandatory sentence, rather than the
6  suggested advisory Guideline sentence, is appropriate and sufficient to satisfy the purposes of
7  sentencing.
8        The Probation Office's recommendation, by its own terms, focuses primarily on the
9  factors that support a harsh sentence. Although Mr. Ward, through counsel, raised "numerous
10 factors that support a sentence lower than prescribed by the Guidelines" (Addendum to the
11 Presentence Report, ¶ 11), the report did not consider them, apparently on the ground that
12 "[t]hese factors are better suited for the defendant's sentencing memorandum." (*Ibid*. ¶ 12.)
13       Accordingly, this sentencing memorandum will focus on those factors, pursuant to the
14 guidance of 18 U.S.C. § 3553.

**I.   THE FACTORS ENUMERATED IN 18 U.S.C. § 3553 SUPPORT A
       SENTENCE BELOW THE ADVISORY GUIDELINE RANGE.**

17       After *United States v. Booker*, 543 U.S. 220 (2005) the Court must consider, without
18 preferring any single one factor, the seven factors listed in 18 U.S.C. § 3553(a) to meet "the
19 overarching statutory charge . . . 'to impose a sentence sufficient, but not greater than necessary'
20 to reflect the seriousness of the offense, promote respect for the law, and provide just
21 punishment; to afford adequate deterrence; to protect the public; and to provide the defendant
22 with needed . . . training, medical care or other correctional treatment [citation omitted]." *United
23 States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (*en banc*).
24       After *Booker*, the Guidelines are to be "respectfully considered," but no one factor is to

be given more or less weight than any other § 3533(a) factor to be taken into account in arriving at an appropriate sentence. *Carty,* 520 F.3d at 991, citing *Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007) and *Gall v. United States*, 128 S.Ct. 586, 596-97, 602 (2007).

The Ninth Circuit has recently made it clear that previously disapproved or disfavored departure factors such as employment record (U.S.S.G. § 5H1.5), family ties and responsibilities (U.S.S.G. § 5H1.6), socio-economic status (U.S.S.G. § 5H1.10), and substance abuse (U.S.S.G. §§ 5H1.4 and 5K2.13) may now be considered. See, e.g., *United States v. Garcia*, 497 F.3d 964, 971-72 (9th Cir. 2007) (remanding for consideration of the defendant's alleged mental incapacity due to drug addiction); see also, *United States v. Manyweather*, 447 F.3d 625, 628 (9th Cir. 2006), (approving a pre-*Booker* eight level downward departure for *inter alia* the defendant's abandonment by her parents and the unusually important role the defendant played in the life of the daughter). "After *Booker* there is no limitation . . . on the information concerning the background, character and conduct of the defendant which a court may receive and consider for the purposes of imposing an appropriate sentence." (18 U.S.C. § 3661.)

As set forth herein, the Court has before it, in the Presentence Investigation Report and in the numerous letters submitted on behalf of Mr. Ward by those who know him well and those whose lives he has touched, overwhelming mitigating information that properly considered under § 3553 supports a sentence significantly below the advisory Guideline range.

**A.    The Nature and Circumstances of the Offense.**

Although involvement in the distribution of images of child pornography is a serious crime by any measure, the circumstances of Mr. Ward's offense clearly place it at the low end of the 5 to 20 year range established by Congress.

Mr. Ward's involvement in child pornography began as a journalistic investigation and continued for a brief period. The initial intellectual exercise, which Mr. Ward now recognizes to

have been an inexplicable error of judgment, lost its focus, at least in part because of the influence of alcohol.[1]

But even so, Mr. Ward's "distribution" of child pornography involved no more than the non-commercial transfer of a few dozen images to other willing adult recipients, all of whom appear to have been more regularly involved in this conduct than was Mr. Ward, although no effort has been made by the Government to identify or prosecute them.[2] Significantly, a full search of the computers at Mr. Ward's home as well as the residence itself revealed no other evidence of wrongdoing, and in particular no other evidence of involvement with child pornography. Nor is there any evidence that Mr. Ward ever did or ever would harm a child.

**B.     The History and Characteristics of the Defendant.**

Even more clearly than the mitigated nature of Bernard Ward's offense, the circumstances of his life argue strongly for the lowest available sentence. Except for his offense conduct, Bernard Ward has not only lived a productive and law-abiding life, he has had an enormous positive influence on thousands of people and on his community in general.

As reflected in the numerous heartfelt letters written on his behalf (of which, out of consideration for the Court, less than half are being submitted), Mr. Ward has made significant positive contributions at every stage of his life.

As a priest, teacher and mentor, he helped train and guide hundreds of young people. As a radio personality with a progressive and inclusive viewpoint, he engaged and opened the minds

---

[1] Contrary to the Government's insistence, Mr. Ward has not attempted to minimize his role or failed to accept responsibility, as the Probation Officer has properly recognized. The Government has misconstrued his statement, which merely explains that the genesis of his involvement was a book project, which he had begun work on, and had discussed with several friends.

[2] The only transfer that did not involve a willing recipient was of a single image which did not contain the aggravating elements identified in ¶¶ 25 and 27 of the Presentence Investigation Report.

Defendant Ward's Sentencing
Memorandum (Case No. CR-07-0602 VRW)                4

of tens of thousands of listeners. As a socially-involved member of the community he raised millions of dollars for charities, particularly homeless shelters throughout the Bay Area. And as a husband, father, brother and uncle he has been a mainstay of a tightly-knit extended family of successful, contributing members of the community. In particular he has helped to create a supportive, nurturing environment for his four children, Caitlin, Connor, Darcy and Eamon. The quality of his involvement in their lives and contribution to their development as people is reflected in the letters that they have submitted on his behalf.

Surprisingly, it appears that rather than according these positive personal characteristics their proper mitigating impact, the Presentence Investigation Report advances Mr. Ward's accomplishments and his positive role in the community as arguments for a harsh sentence. This is a misuse, if not indeed a perversion, of the § 3553 factors.

**C.   Section 3553(a)(2) Factors.**

Contrary to the suggestion by the Probation Office, a sentence of five years is more than sufficient to meet the needs identified in § 3553(a)(2)(A).

There is, of course, a certain arbitrariness in any sentencing choice, and there is no intrinsic reason why a term of nine years is more appropriate than a term of five years for conduct such as that involved here.

The arbitrariness and, indeed, the undue harshness of Guideline § 2G2.2 has recently been recognized by at least one District Court Judge.  In *United States v. Hanson*, __F.Supp.2d__, 2008 WL2486336 (E.D. Wisc. 2008) Judge Lynn Adelman wrote that like the crack cocaine guideline criticized by the Supreme Court in *Kimbrough*,

> "guideline 2G2.2 is not representative of the [Sentencing] Commission's typical role or of empirical study. The guideline has been steadily increased despite evidence and recommendations by the Commission to the contrary. Congress has repeatedly amended it directly, ostensibly to target mass producers of child pornography and/or repeat abusers of children, a class of

Defendant Ward's Sentencing Memorandum (Case No. CR-07-0602 VRW)     5

> offenders that make up less than five percent of those affected by the changes. The most recent changes from 2003 apparently came from two lawyers in the Justice Department who persuaded a novice Congressman to add them to the popular Amber Alert Bill. [Citation omitted.] To the extent that the advisory guidelines deserve respect from courts, that respect would be greatest where the Commission has satisfied its institutional role of relying on evidence and study to develop sound sentencing practices. This guideline simply does not reflect that role, as the Commission itself has acknowledged."

Judge Adelman went on to note that between 1994 and 2007 the mean sentence in child pornography cases increased from 36 months to 110 months, not as the result of the empirical approach often used by the Commission but rather the result of arbitrary increases by Congress slipped into other bills, often with little or no debate. These amendments "destroyed some of the careful distinctions the Commission had drawn between true peddlers of child pornography and more simple possessors or transporters."[3]

Of particular interest is Judge Adelman's discussion of the enhancement for use of a computer, which has been recommended by the Probation Office in this case and results in a two-level adjustment in the sentence resulting in a 21 month increase of the low end of the Guideline range.  Judge Adelman observed that

> "the Commission has noted that the enhancement for use of a computer does not make much sense because online pornography comes from the same pool of images found in specialty magazines or adult bookstores. Further, to the extent that use of a computer may aggravate an offense, it does not do so in every case. For example, someone who e-mails images to another (like the instant defendant) is not as culpable as someone who sets up a website to distribute child pornography to a large number of subscribers. If the defendant did not use the computer to widely disseminate the images, use them to entice a child, or show them to a child, the purpose of the enhancement is not

---

[3]  Despite its heated rhetoric, the Government fails to explain how a sentence of nine years, as opposed to five years, for a person who downloaded and transferred images created in other countries and freely available on the internet, is necessary to further the "compelling state interest in protecting children from those who sexually exploit them, including both child molesters and child pornographers."

served. (Citation omitted.) Yet it applies in virtually all cases."

Mr. Ward, through counsel, suggested to the Probation Office that the two level enhancement for use of a computer in this case is inappropriate, or, in the alternative, a departure would be appropriate to neutralize the effect of this unnecessary adjustment, but that suggestion has apparently been rejected.

A mandatory minimum sentence of five years is also sufficient (indeed more than sufficient) to satisfy the other factors set forth in § 3553(a)(2).

Certainly, it cannot reasonably be argued that knowledge that a mandatory minimum term of five years imprisonment would be imposed upon discovery is not a sufficient deterrent to those who, like Bernard Ward, are casual visitors to child pornography sites without any history or evidence of sexual deviancy and without any commercial motivation.

Just as surely, the nature of Mr. Ward's involvement in this offense makes it clear that no greater punishment is necessary to protect the public from his further crimes, and a longer sentence is not required to provide needed educational or vocational training or medical care. It is hoped, however, that he will be permitted to benefit from a residential alcohol abuse program while imprisoned, but this program, which lasts one year, can easily be incorporated in a five year sentence.

## CONCLUSION

This is a sad, even tragic case.

Bernard Ward's brief, albeit substantial, failure of judgment and control has had a devastating impact on him and those close to him. He has lost his job, his and his family's economic security and, perhaps most importantly, his standing in the community and the high regard of his peers. Even after serving a five year sentence he will emerge from prison well past 60 years old, a registered sex offender, with few options and little possibility of restoring much

1  of the life he has heretofore lived. What he has done cannot be undone. The Court's sentence
2  need be no harsher.
3       It is respectfully submitted that the proper Guideline calculation, without the adjustment
4  for use of a computer, is Level 29, with a Guideline range of 87-108 months, pursuant to which a
5  sentence of 87 months would be appropriate.
6       However, in light of the factors set forth in 18 U.S.C. § 3553, a sentence to the
7  mandatory minimum term of five years is, if not greater than necessary, at least clearly sufficient
8  to satisfy the purposes of sentencing.
9       Accordingly, the Court is respectfully urged to impose a sentence no greater than the
10 mandatory minimum of 60 months.

12 Dated: August 21, 2008             Respectfully submitted,
13                              WEINBERG & WILDER

15                              /s/ Doron Weinberg
16                     By:_____
                           DORON WEINBERG
17                            Attorney for Defendant
                           BERNARD V. WARD